UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DREWS LAWN & SNOW SERVICE, INC.,**

    Petitioner,

v.                                       Case No. 3:18-cv-00979-MCR-EMT

**R. ALEXANDER ACOSTA, SECRETARY, U.S. DEPARTMENT OF LABOR,**

    Respondent.

_____/

## ORDER

Pending before the Court is Respondent United States Department of Labor's ("DOL")[1] Motion to Dismiss, ECF No. 9, pursuant to Federal Rule of Civil Procedure 12(b)(6). Having fully considered the matter, DOL's motion is due to be granted.

**Background**

Petitioner Drew's Lawn and Snow Service, Inc. ("Drew's Lawn") is a small business located in Illinois that recruited seasonal, nonimmigrant workers under the

---

[1] Because Drew's Lawn has sued Defendant R. Alexander Acosta in his official capacity as the Secretary of Labor, the Court will refer to Defendant Acosta as "DOL" for the purposes of this Order.

H-B2 program.[2] Drew's Lawn has brought the instant action for an adjudication of contempt and sanctions against DOL for alleged violations of this Court's permanent injunction in *Perez v. Perez*, Case No. 3:14-cv-682-MCR-EMT (N.D. Fla. Mar. 4, 2015) (the "*Perez* Injunction Order").[3]

In *Perez*, a United States citizen working as a server and a busboy brought an action challenging DOL's "2008 Regulations"[4] governing the labor certification process under the H-2B Program.[5] *See* ECF No. 1-3 at 3, 5–7. The Court determined that DOL lacked authority to enact the 2008 Regulations because Congress had not delegated authority to DOL to promulgate regulations in this area.[6] *See id.* at 6–7.

---

[2] The H-B2 program allows employers to hire residents of a foreign country to perform non-agricultural "temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in [the United States]." *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

[3] Drew's Lawn has referenced and attached to its petition the *Perez* Injunction Order and other relevant court and administrative records. *See* ECF Nos. 1-3, 1-4, 1-5, 1-6, 1-7, 1-8.

[4] *Labor Certification Process and Enforcement for Temporary Employment in Occupations Other Than Agriculture or Registered Nursing in the United States (H-2B Workers), and Other Technical Changes*, 73 Fed. Reg. 78020 (Dec. 19, 2008) (codified at 20 C.F.R. §§ 655–56) (the "2008 Regulations").

[5] Before an employer can petition the Department of Homeland Security (DHS) for a H-B2 visa, they are required to seek a temporary labor certification from DOL, *see* 8 C.F.R. §§ 214.2(h)(6)(iii)(A), (C), which addresses "whether or not United States workers capable of performing the temporary services or labor are available and whether or not the alien's employment will adversely affect the wages and working conditions of similarly employed United States workers." § 214.2(h)(6)(iii)(A).

[6] In *Perez*, the Court relied on its prior decision vacating DOL's 2012 H-B2 Regulation. *See Bayou Lawn & Landscape Servs. v. Perez*, 81 F. Supp. 3d 1291 (N.D. Fla. 2014), *vacated and remanded sub nom. Bayou Lawn & Landscape Servs. v. Sec'y, U.S. Dep't of Labor*, 621 F. App'x 620 (11th Cir. 2015) ("*Bayou Lawn*").

Consequently, the Court, in its March 4, 2015 Order, vacated the 2008 Regulations and permanently enjoined DOL from enforcing them. *Id.* at 8–9. Subsequently, on August 28, 2015, the plaintiff in *Perez* filed an unopposed motion seeking clarification of the Court's permanent injunction. *See* ECF No. 1-4. Specifically, the plaintiff requested the Court to clarify that the injunction was not intended to "deprive DOL of its authority to enforce compliance with the substantive work terms contained in labor certifications issued pursuant to the 2008 Regulation <u>prior to the entry</u> of the Court's permanent injunction." *Id.* at 2. On September 4, 2015, the Court granted the plaintiff's requested relief and clarified that "the permanent injunction was not intended to, and does not, apply retroactively." ECF No. 1-5 at 2.

On September 9, 2016, DOL issued a determination that Drew's Lawn committed violations of its H-2B petitions[7] and applications for temporary employment certifications filed under the 2008 Regulations. *See* ECF Nos. 1 at 4, 1-6 at 2. Drew's Lawn moved to dismiss DOL's enforcement action based on this Court's March 4, 2015 decision and the injunction issued in *Perez*. *See* ECF Nos. 1

---

[7] Notably, the *Perez* Injunction Order enjoined DOL from enforcing the 2008 Regulations, which governed the labor certification process. *See* ECF No. 1-3. It did not enjoin DOL from imposing penalties on employers for violations related to H-B2 petitions. *See id*; *see also Bayou Lawn*, 81 F. Supp. 3d at 1297 (citing 8 U.S.C. § 1184(c)(14)(B)) (noting that congress authorized DHS to delegate authority to DOL "to impose administrative remedies, including penalties, on employers who fail to meet conditions of H–2B petitions and who make willful misrepresentations in H–2B petitions.").

at 4, 1-8 at 2. On April 10, 2018, Administrative Law Judge Carrie Bland denied Drew's Lawn's motion to dismiss and concluded that DOL could enforce "the 2008 rule for labor certifications issued before the [*Perez*] injunction took effect." ECF Nos. 1 at 5; 1-8 at 4.[8] On April 24, 2018, Drew's Lawn filed this action against DOL for alleged violations of the *Perez* injunction. ECF No. 1. On July 3, 2018, DOL filed the instant motion to dismiss. ECF No. 9.

**Legal Standard**

On a Rule 12(b)(6) motion to dismiss, the Court accepts the factual allegations as true and construes all reasonable inferences in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach County*, 685 F.3d 1261, 1265 (11th Cir. 2012); *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010). Federal pleading rules require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not detailed allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). Labels or mere legal conclusions will not suffice. *Id.* at 678. Instead, "[t]o survive a motion to dismiss, a complaint

---

[8] While the *Perez* Injunction Order was filed on March 4, 2015, the permanent injunction did not come into effect until the stay in that case was lifted on April 30, 2015. *See Perez v. Perez*, Case No. 3:14-cv-682-MCR-EMT (N.D. Fla. April 30, 2015); *see also United States v. Glover*, 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.").

Case No. 3:18-cv-00979-MCR-EMT

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Exhibits attached to the complaint are treated as part of the complaint for purposes of a 12(b)(6) motion to dismiss. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012); *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss, . . . the court limits its consideration to the pleadings and exhibits attached thereto.") (internal quotations omitted).

**Discussion**

A district court has inherent authority to enforce its own injunctions under its civil contempt power. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 828–29 (11th Cir. 2010) (citing *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 n.23 (11th Cir.2005)).[9] "A finding of civil contempt must be based on 'clear and convincing evidence' that a court order was violated." *Jove Eng'g, Inc. v.*

---

[9] Drew's Lawn has failed to comply with the Eleventh Circuit's method for enforcing permanent injunctions against noncompliant parties. *See Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co.*, 768 F.3d 1320, 1324–25 (11th Cir. 2014) (citing *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000)). Additionally, Drew's Lawn has erroneously requested a successive injunction. See *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 968 (11th Cir. 2012) (citing *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir. 2011)). Leave to correct these deficiencies is not warranted because Drew's Lawn has otherwise failed to state a claim for relief.

Case No. 3:18-cv-00979-MCR-EMT

*I.R.S.*, 92 F.3d 1539, 1545 (11th Cir. 1996). Here, a finding of civil contempt is not warranted. As noted above, based on the Court's clarification, the permanent injunction in *Perez* does not apply retroactively to prevent DOL from enforcing the conditions of labor certifications issued under the 2008 Regulations prior to the entry of the injunction. Because it is undisputed that DOL issued Drew's Lawn's labor certifications under the 2008 Regulations before the *Perez* injunction was effective, Drew's Lawn has failed to show that DOL violated this Court's injunction in *Perez*.

Accordingly, DOL's Motion to Dismiss, ECF No. 9, is **GRANTED**, and the instant action is **DISMISSED** with prejudice.

**DONE AND ORDERED** this 11th day of February, 2019.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**